UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEPHANIE G.,[1]

                                            Plaintiff,           Case # 21-CV-301-FPG

v.                                                                        DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                            Defendant.
_____

## INTRODUCTION

Plaintiff Stephanie G. brings this action pursuant to the Social Security Act seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 10. For the reasons that follow, the Commissioner's motion is GRANTED, Plaintiff's motion is DENIED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In March 2018, Plaintiff applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 439. She alleged disability since March 2017 due to several physical and mental impairments. *Id.* In June 2020, Administrative Law Judge T. Kim ("the ALJ") issued a decision finding that Plaintiff is not disabled. Tr. 16-28. In January 2021, the Appeals Council denied

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF Nos. 6-7.

1

Plaintiff's request for review. Tr. 1-4. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At Step One, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to Step Two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant

restrictions on the claimant's ability to perform basic work activities. *Id.* § 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to Step Three.

At Step Three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement, *id.* § 416.909, the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* § 416.920(e)-(f).

The ALJ then proceeds to Step Four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. *Id.* § 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. *Id.* If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* § 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 416.960(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 2018,

her application date. Tr. 18. At Step Two, the ALJ found that Plaintiff suffered from a number of physical impairments, including degenerative disc disease in her thoracic and cervical spines. *Id.* At Step Three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment. Tr. 20.

Next, the ALJ determined that Plaintiff had the RFC to perform a reduced range of light work. Tr. 21-22. At Step Four, the ALJ found that Plaintiff has no past relevant work. Tr. 27. At Step Five, the ALJ found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. Tr. 27-28. The ALJ therefore found that Plaintiff is not disabled. Tr. 28.

## II.   Analysis

Plaintiff argues that remand is warranted because the ALJ (1) failed to incorporate into the RFC a reaching limitation identified by consultative examiner Hongbiao Liu, M.D., and (2) included, without explanation, a sit/stand option in the RFC. *See* ECF No. 8-1 at 1, 6-9. The Court examines each argument in turn.

### a.  Dr. Liu's Reaching Limitation

In May 2018, Plaintiff met with Dr. Liu for an internal medicine examination. After that examination, Dr. Liu issued a report in which he opined that Plaintiff "has mild to moderate limitations for prolonged walking, bending, kneeling, *and overhead reaching*." Tr. 1113 (emphasis added). In the decision, the ALJ found Dr. Liu's views "somewhat persuasive," as they were supported by his "exam findings" and consistent with the "overall evidence," which indicated that Plaintiff suffered from "degenerative disc disease of the thoracic and cervical spine as well as right knee osteoarthritis and has continued symptoms of back pain and lower extremity swelling." Tr. 25.

Plaintiff argues that, despite finding Dr. Liu's opinion was somewhat persuasive, the "ALJ did not include any limitations whatsoever in reaching in the RFC." ECF No. 8-1 at 6. Plaintiff asserts that the ALJ's unexplained omission of a reaching limitation is an error warranting remand. *See id.* at 6-8.

As Plaintiff admits elsewhere, however, the ALJ *did* include a reaching limitation in the RFC. *See id.* at 6. Specifically, the ALJ found that Plaintiff could "frequently" reach "with both upper extremities." Tr. 21. Dr. Liu's "mild to moderate" overhead reaching limitation "is not inconsistent with" the ALJ's finding that Plaintiff could engage in "frequent" reaching. *May v. Comm'r of Soc. Sec.*, No. 17-CV-1347, 2019 WL 2717991, at *4 (W.D.N.Y. June 28, 2019); *see also Danielle S. v. Comm'r of Soc. Sec.*, 516 F. Supp. 3d 286, 292 (W.D.N.Y. 2021). Plaintiff develops no argument, and marshals no case law, to demonstrate that the ALJ's reaching restriction is inconsistent with Dr. Liu's opinion, such that further explanation was necessary. *See* ECF No. 8-1 at 6-8; *cf. United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). Accordingly, remand is not warranted on this ground.

b. **Sit/Stand Option**

The ALJ included in the RFC a limitation that Plaintiff be allowed "to stand up to five minutes after every thirty minutes of sitting, and to sit down up to five minutes after every thirty minutes of standing, while remaining on task." Tr. 21. Plaintiff asserts that the ALJ was required to "provide an explanation of how he arrived at the sit/stand option, [but] he provided no explanation whatsoever." ECF No. 8-1 at 9. This alleged error does not justify remand.

5

"As a general matter, where an ALJ imposes a limitation in his RFC that is *more* restrictive than the relevant medical opinions, there is no error and thus no grounds for remand with respect to that limitation." *Kiyantae N. v. Comm'r of Soc. Sec.*, No. 20-CV-6998, 2022 WL 2758309, at *4 (W.D.N.Y. July 14, 2022). In this case, there was no opinion in the record suggesting that Plaintiff needed a sit/stand option. Dr. Liu concluded that Plaintiff was only mildly to moderately "for prolonged walking," with no restriction on sitting or standing. Tr. 1113. State agency consultant Gary Ehlert, M.D., opined that Plaintiff could stand, walk, or sit (with normal breaks) for a total of six hours per workday. Tr. 447. Treating nurse practitioner Michael Johnson found that under Karnofsky scale, Plaintiff could "care[] for self but [was] unable to carry on normal activity or [] active work," and under the ECOG scale, she could ambulate and perform "work of a light or sedentary nature."[3] Tr. 1285. He did not determine that Plaintiff required any sit/stand option. *See id.*

Given the medical opinions in the record—none of which incorporate a sit/stand option—even if the ALJ erroneously relied on his lay judgment to add this more restrictive limitation, Plaintiff has not shown harmful error justifying remand. *See Jacob M. v. Comm'r of Soc. Sec.*, No. 20-CV-1093, 2022 WL 61007, at *5 (W.D.N.Y. Jan. 6, 2022) ("The fact that a limitation was included despite its absence from any medical opinion means simply that the RFC was more generous than the medical opinions required[,] and where an ALJ makes an RFC assessment that is more restrictive than the medical opinions of record, it is generally not a basis for remand.").

---

[3] As the ALJ noted, Johnson's opinion was not framed in functional terms, but is more akin to a "statement that [Plaintiff] is disabled," Tr. 25—a statement that the ALJ could properly disregard. *See* 20 C.F.R. § 416.920b(c)(3)(i), (vi).

## CONCLUSION

For all of the reasons stated, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED, and Plaintiff's Motion for Judgment on the Pleadings (ECF No. 8) is DENIED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: May 3, 2023
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York